IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SUBODHCHANDRAT PATEL,<br><br>　　　　　　　　　Plaintiff<br><br>　VS.<br><br>JAMES DONALD, *et al.*,<br><br>　　　　　　　　　Defendants | NO. 5:07-CV-283 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Before the court is the defendants' MOTION TO DISMISS the above-styled case which alleges that plaintiff SUBODHCHANDRAT PATEL — an inmate incarcerated in the Georgia penal system — failed to exhaust the administrative remedies available to him before filing this federal suit as required by the Prison Litigation Reform Act of 1995 ("PLRA"). Tab #20. Plaintiff Patel has responded to the defendants' motion and to defendant's motion. Tabs #23 and #25.

The PLRA mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him. 42 U.S.C. §1997e(a). The defendants have averred that plaintiff Patel did not utilize *any* step of the three-step grievance procedure in place throughout the Georgia Department of Corrections. Plaintiff Patel claims that he was "thwarted" from using the grievance procedure when defendant SHARON SHAVER advised him "that a court order was necessary" for the plaintiff to receive the relief he requested. Plaintiff's response, Tab #23 at 7. The plaintiff's interpretation of the PLRA is in error.

The Eleventh Circuit has made clear that exhaustion of administrative remedies is a precursor to a prisoner's *filing* a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Plaintiff Patel also claims that the conditions he is attacking in this lawsuit represent an "emergency" and that as such, the exhaustion requirement is not necessary. Even assuming the plaintiff's claim did pose an emergency, there is no legal basis for such a claim. Moreover, if a prison condition did present an emergency, the prison's grievance process could deal with such a condition far more quickly and efficiently than a federal proceeding.

Finally, plaintiff Patel has filed a MOTION TO SUPPLEMENT RECORD. Tab #34. This motion is **GRANTED**. The attachments to this motion demonstrate that since Patel filed the instant action, he went through the prison's administrative process and his claim was denied. Patel therefore claims that his administrative remedies have been exhausted and that the instant claim is properly before the court. The plaintiff is mistaken. The plain language of the PLRA indicates that a prisoner must exhaust his administrative remedies *before* filing a suit pursuant to §1983. Because Patel still had administrative remedies available to him *at the time he filed this action*, this case is not properly before this court.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be GRANTED and that the instant action be **DISMISSED** *without prejudice* for failure to exhaust administrative remedies.[1] In light of this recommendation to dismiss the action, all remaining pending motions (Tabs #7, #24, #29, and #30) are **DENIED** as MOOT.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 15th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] All dismissals for failure to exhaust administrative remedies must be without prejudice.